# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA VOWELL | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-1088 |
| SHELTER MUTUAL INSURANCE COMPANY and JOHN PRICE | ) JURY DEMAND |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT, SHELTER MUTUAL INSURANCE COMPANY, MOTION TO DISMISS

Comes now the Defendant, Shelter Mutual Insurance Company ("Shelter"), by and through counsel, and provides the following memorandum in support of its Motion to Dismiss pursuant to Rule 12(b)(5) and (6) of the Fed. R. Civ. P. In support of the motion, Defendant Shelter would demonstrate as follows:

### FACTUAL SUMMARY

On March 31, 2023, the Plaintiff, Joshua Vowell, filed suit against Shelter in the Circuit Court for Madison County, Tennessee, where said action was removed by Shelter to this court on May 15, 2023. On April 13, 2023, counsel for Defendant received a summons and a copy of the complaint served via Davidson County Sheriff. Counsel for Defendant Shelter is not an authorized agent to accept service for Shelter under the Tennessee Rules of Civil Procedure or the Federal Rules of Civil Procedure.[1] In its removal, Shelter asserted Price had been fraudulently joined as a defendant for the sole purpose of attempting to

---

[1] Defendant Price was also improperly served under the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure via county Sheriff to Counsel. Counsel for Defendant is not an authorized agent to accept service for Price.

defeat diversity jurisdiction.

The causes of action against Shelter in the Plaintiff's complaint are for Breach of Contract, Punitive Damages, and Unlawful Insurance Acts (Tenn. Code Ann. § 56-53-103).

**LAW AND ARGUMENT**

**1.    Fed. R. Civ. P. 12(b)(5), Insufficient Service of Process**

A Defendant may move to dismiss a lawsuit where there is insufficient service of process. See Fed. R. Civ. P. 12(b)(5). Where service is contested in an action that has been removed to federal court, the court must first determine whether service was perfected according to state law before the removal. See Hughes v. Elam, 2023 U.S. Dist. LEXIS 42319, at *12-13 (M.D. Tenn., Feb. 22, 2023), citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (4th ed. updated Apr. 2022) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made."). However, if service was not perfected before the removal, then the court applies federal law to determine the validity of service after removal. Id., citing 28 U.S.C. § 1448.

Tennessee Rule of Civil Procedure 4.04(4) provides that an individual defendant may be served:

> Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). When bring suit against an insurance company, Tennessee law requires that such service be achieved pursuant to Tenn. Code Ann. § 56-2-503, which

states that "(a) Any foreign or alien insurance company, before doing business in this state, as defined in § 56-2-502, shall appoint the commissioner its true and lawful attorney as required by § 56-2-103(a)(3)." Tenn. Code Ann. § 56-2-504(b) outlines the procedure for achieving service of process:

> Service of process shall be made by leaving two (2) copies of the process or notice, together with a fee of fifteen dollars ($15.00), in the office of the commissioner, together with an affidavit giving the last known address of the defendant, and the service shall be sufficient if notice of the service, and a copy of the process or notice are forthwith sent by registered mail, with return receipt requested, or certified mail by the commissioner to the company at the last known address. An affidavit of the commissioner showing compliance with this subsection (b) shall be filed with the paper in the action or proceeding.

**A.   Defendant Shelter Was Not Served**

Plaintiff served Counsel for Defendant on April 13, 2023. See attached Return of Service as Exhibit 1. This service of process is insufficient as Counsel is not authorized to accept service on behalf of Defendant Shelter. This is in direct contradiction to the methods prescribed under Tennessee Law.

Defendant Shelter was not and has not been served as the Summons and Complaint was served upon an unauthorized agent, nor was any attempt made to properly serve Defendant Shelter. The address listed in the Summons is that of its counsel, not the address of Defendant or the Tennessee Department of Insurance. Further, though Plaintiff is aware of this service requirement as paragraph 3 of the Complaint states that Shelter "may be served through the Tennessee Insurance Commissioner," he failed to do so.

"Because the trial court's jurisdiction of the parties is acquired by service of process, proper service is an essential step in the proceeding." <u>Stitts v. McGown</u>, 2006 Tenn. App. LEXIS 289, at *4-5, No. E2005-02496-COA-R3-CV, (Tenn. Ct. App., May 2, 2006), citing <u>Haley v. University of Tennessee-Knoxville</u>, 188 S.W.3d 518, 2006 Tenn. LEXIS 192, No. M2005-00998-SC-R23-CQ, (Tenn., Mar. 17, 2006). In <u>Stitts</u>, the court found that the summons was never served upon the Defendants, which is a "fatal flaw in plaintiff's case." <u>Id.</u> Such a fatal flaw exists here, and as such this lawsuit should be dismissed.

As service was not perfected before the removal to federal court, Plaintiff continues to fail to perfect service of process. Rule 4 of the Federal Rules of Civil Procedure regarding Summons states that:

> (c) **Service.**
>
> > (1) *In General*. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4.01(c). Such Summons may be served via:

> (h) **Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

> appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4.01(h). Again, service pursuant to Tennessee state law has not been achieved as stated above; therefore, Plaintiff has failed under Fed. R. Civ. Proc. 4.01(h)(1)(A) and (B).

**B.     Defendant Shelter Did Not Waive Service**

Plaintiff may argue that such service requirements may have been waived; however, no waiver occurred. Tenn. R. Civ. Proc. Rule 4.07 outlines how waiver of service may be accomplished, specifically:

> (2) An individual, corporation, or association that is subject to service and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
>
> > (a) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment of law to receive service of process) of a defendant subject to service;
> >
> > (b) shall be dispatched through first-class mail or other reliable means;
> >
> > (c) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
> >
> > (d) shall inform the defendant of the consequences of compliance and of a failure to comply with the request;
> >
> > (e) shall set forth the date on which the request is sent;

> (f) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent; and
>
> (g) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

Tenn. R. Civ. Proc. 4.07(2).

The Federal Rules of Civil Procedure also address waiver of service in much the same way.

> **(d) Waiving Service.**
>
> (1) *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> > (i) to the individual defendant; or
> > (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, two copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to the Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;

> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. Proc. 4.01(d)(1).

No such request for waiver was made before or after the commencement of this lawsuit. No such request was made in writing or otherwise. No such request was made to Defendant Shelter or their counsel. Counsel for Plaintiff was in communications with counsel for Defendant, but he did not make any such request for waiver of service or provide any indication that the commencement of this lawsuit was pending before Counsel received the Summons and Complaint from a Davidson County Sheriff. Not one of the processes outlined in either the Tennessee Rules of Civil Procedure or in the Federal Rules of Civil Procedure for waiver of process have been satisfied.

For the foregoing reasons, Defendant Shelter should be dismissed from this lawsuit. Additionally, even if service of process was achieved, Defendant Shelter should be dismissed as Plaintiff fails to state a claim against them upon which relief can be granted.

## 2. Fed. R. Civ. P. 12(b)(6), Failure to State a Claim upon which relief can be granted

A Defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the

Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

A. **Plaintiff fails to comply with the terms of the Policy.**

Plaintiff alleges that Shelter has breached its contract of insurance. However, Plaintiff has failed to comply with the terms of the policy. During the investigation of this claim, Shelter requested that Plaintiff submit to an Examination Under Oath ("EUO"), pursuant to the Special Provisions and Conditions Relating to Section I § (1)(e), which states:

> 1. What To Do In Case Of Loss
>
> If a covered loss occurs, the **insured** must take all of the following actions if applicable to that loss:
>
> ***
>
> (e) Submit to examinations under oath by any person named by us, out of the presence of any other individual other than a licensed attorney, and sign the transcript of the examinations.

Plaintiff's own complaint alleges Shelter requested the EUO (¶ 12) and even attached the letter demanding the EUO as Exhibit 6 to his complaint. With clear knowledge of the EUO demand, Plaintiff ignored his duties under the policy and improperly filed this lawsuit, breaching the terms of the policy.

A complete copy of the policy is attached as Exhibit 2. Courts may consider such documents attached to this motion if referred to in the complaint and central to the claims asserted. Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997); see also Kalos, LLC v. White House Vill., LLC, 2021 WL 1022752, at *2 (M.D. Tenn. Mar. 17, 2021). In considering a motion to dismiss, in addition to well-pleaded factual allegations contained in the complaint, courts may consider documents referred to in the pleadings and integral

to the claims without converting a motion to dismiss into one for summary judgment. Archambeault v. Wyndham Vacation Ownership, Inc., Case No. 3:20-cv-01044, 2021 WL 6496827, at *3 (M.D. Tenn. July 15, 2021); Blanch v. Trans Union, LLC, 333 F.Supp. 789, 791-92 (M.D. Tenn. 2018) ("Documents attached to the motion to dismiss briefing may be considered part of the pleadings if they were incorporated into the complaint by reference and are central to the plaintiff's claim."); see also J-Line Pump v. Chand, 2014 WL 3510987, at *3 (W.D. Tenn. July 14, 2014). Here, Plaintiff's complaint refers to and relies upon the Policy and even attaches some pages from the policy. Consequently, the Court may consider the contents of these documents. If there is any conflict between the document and the characterization of the document in the Plaintiff's complaint, the contents of the document controls for the purpose of evaluating the motion to dismiss. See, e.g., Dangerfield v. WAVY Broad., LLC, 228 F. Supp. 3d 696, 702 n.3 (E.D. Va. 2017).

It is established Tennessee law that insurance policies are contracts and, thus, subject to the same rules of construction used to interpret other types of contracts. McKimm v. Bell, 790 S.W.2d 526, 527 (Tenn. 1990); Merrimack v. Batts, 59 S.W.3d 142, 148 (Tenn. Ct. App. 2001). Further, the respective rights of an insured and that of an insurance company are governed by this contract of insurance. Merrimack v. Batts, 59 S.W.3d at 148. As with any other contract, courts must give effect to the parties' intentions as reflected in their written contract of insurance. See Id.; Black v. Aetna Ins. Co., 909 S.W.2d 1, 3 (Tenn. Ct. App. 1995); Blaylock & Brown Constr. Inc. v. AIU Ins. Co., 796 S.W.2d 146, 149 (Tenn. Ct. App. 1990). The insurance policy should then be construed as a whole and in a reasonable and logical manner giving the policy's terms, as written, their natural and ordinary meaning.

Id.; Black v. Aetna Ins. Co., 909 S.W.2d at 3; Tata v. Nichols, 848 S.W.2d 649, 650 (Tenn. 1993); Quintana v. Tennessee Farmers Mut. Ins. Co., 774 S.W.2d 630, 632 (Tenn. Ct. App. 1989).

Tennessee courts have upheld similar duty to cooperate clauses as a pre-condition for an insured to exercise their rights under the contract. Spears v. Tenn. Farmers Mut. Ins. Co. 300 S.W.3d 671, 681 (Tenn. Ct. App. 2009), citing Shelter Ins. Co. v. Spence, 656 S.W.2d 36 (Tenn. Ct. App. 1983) perm. app. denied (held insurer was entitled under cooperation clause of policy to take sworn statement from each insured privately and out of each other's presence); Widener v. Tenn. Farmers Mut. Ins. Co., No. 03A01-9506-CV-00203, 1995 Tenn. App. LEXIS 629, 1995 WL 571868 (Tenn. Ct. App. Sept. 29, 1995) (recognizing an insurer's right to take an insured's statement under oath); Jones v. Tenn. Farmers Mut. Ins. Co., No. M2003-00862-COA-R3-CV, 2004 Tenn. App. LEXIS 64, 2004 WL 170359, at *2 (Tenn. Ct. App. Jan. 27, 2004) (recognizing Shelter Ins. Co. v. Spence as standing for the proposition that "[t]he contractual right of the insurer to compel the insured to submit to a statement under oath concerning a fire loss is unconditional"); Tenn. Farmers Mut. Ins. Co. v. Bradford, No. 02A01-9711-CV-00284, 1999 Tenn. App. LEXIS 488, 1999 WL 528835 (Tenn. Ct. App. Jul. 23, 1999); Gurien v. Allstate Ins. Co., No. 95-20-I, 01A01-9610-CH-00459, 1997 Tenn. App. LEXIS 533, 1997 WL 431185 (Tenn. Ct. App. Aug. 01, 1997).

As to Examinations Under Oath, "courts in other jurisdictions have similarly interpreted the examination-under-oath requirement of an insurance policy and have consistently held that failure to submit to questions under oath is a material breach of the policy terms and a condition precedent to an insured's recovery under the policy. We

likewise find that submission to answer questions under oath when requested as provided for in the insurance policy at issue is a condition precedent to an insured's recovery under that policy." Spears v. Tenn. Farmers Mut. Ins. Co. 300 S.W.3d 671, 681 (Tenn. Ct. App. 2009) (internal citations omitted). An insurance carrier has the right to require and insured to comply with an EUO request without justifying the reason for the request. Id. at 68-683.

As Plaintiff has failed to comply with the request for the EUO pursuant to the clear terms of the policy, he has failed to satisfy a condition precedent for bringing this suit. Therefore, if any breach has occurred, it has been on the part of Plaintiff, not Defendant Shelter. Furthermore, the claims in the complaint seeking to compel appraisal and for punitive damages should be dismissed. Thus, Plaintiff's Complaint thus fails to state a claim under which relief can be granted under Tennessee Law.

**B.    Tenn. Code Ann. § 56-53-103 Does Not Apply to Shelter**

The Unlawful Insurance act is codified at Tenn. Code Ann. § 56-53-103. The Act has two distinct sections with very different verbiage in each. The first section provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

> **(A)** The application for, rating of, or renewal of, any insurance policy;
>
> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>
> **(C)** Payments made in accordance with the terms of any insurance policy; or
>
> **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act does not apply to Shelter because this applies to insureds, not insurers. Shelter is not an insured. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium.

First, this portion of the Act clearly only applies to persons presenting information <u>by or on behalf of an insured or claimant</u>. Shelter did not present any information by an insured or on behalf of an insured. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See <u>Cantrell v. Yates Servs., LLC</u>, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an <u>insured person</u> to 'present[]. . . to an insurer . . . any information that the

person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (Emphasis added). See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This portion of the Act only applies to an insured, or someone submitting information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. Because Shelter is not the insured, and because it did not submit information on behalf of the insured, the Act does not apply to Shelter.

The second pertinent part of the Act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its

agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>>
>> **(B)** An application for certificate of authority;
>>
>> **(C)** The financial condition of any insurer; or
>>
>> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is also inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it <u>only</u> applies to the <u>sale</u> of an insurance policy or the <u>solicitation</u> for sale of an insurance policy; an <u>application</u> for certificate of authority; the <u>financial condition</u> of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2) (emphasis added). The Plaintiff's complaint does not contain any such allegations against Shelter, and thus, this portion of the act does not apply.

Considering the Plaintiff's claims against Shelter for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice. Because the Act does not apply,

the claims under Tenn. Code Ann. § 56-53-103 fail as a matter of law and must be dismissed.

**WHEREFORE**, Defendant Shelter hereby requests that this Court enter an Order dismissing it from the complaint with prejudice pursuant to Rule 12(b)(5) and/or (6) of the Fed. R. Civ. P.

Respectfully submitted,

/s E. Jason Ferrell
**E. JASON FERRELL**
Registration No. 24425
**JAMIE ELIZABETH GLASS**
Registration No. 38731
DIRECT: (615) 630-7716
(615) 256-8787, Ext. 116
jferrell@bkblaw.com

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228
Attorneys for Shelter Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2023, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com
Attorney for Plaintiff

/s E. Jason Ferrell
**E. JASON FERRELL**