# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JOSHUA VOWELL** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-1088 |
| ) | |
| **SHELTER MUTUAL INSURANCE** ) | **JURY DEMAND** |
| **COMPANY and JOHN PRICE** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT, JOHN PRICE, MOTION TO DISMISS

Comes now the Defendant, John Price ("Price"), by and through counsel, and provides the following memorandum in support of his Motion to Dismiss pursuant to Rule 12(b)(5) and (6) of the Fed. R. Civ. P. In support of the motion, Defendant Price would demonstrate as follows:

## FACTUAL SUMMARY

On March 31, 2023, the Plaintiff, Joshua Vowell, filed suit against Price in the Circuit Court for Madison County, Tennessee, where said action was removed by Shelter Mutual Insurance Company ("Shelter") to this court on May 15, 2023. On April 13, 2023, Counsel for Defendant Price received a summons and a copy of the complaint served via Davidson County Sheriff. Counsel for Defendant Price was not an authorized agent to accept service for Mr. Price under either the Tennessee or Federal Rules of Civil Procedure.[1] In its removal,

---

[1] Defendant Shelter was also improperly served under the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure via county Sheriff to Counsel. Counsel for Defendant is not an authorized agent to accept service for Shelter.

Shelter asserted Price had been fraudulently joined as a defendant for the sole purpose of attempting to defeat diversity jurisdiction.

The causes of action against Price in the Plaintiff's complaint are for Breach of Contract and violations of Tenn. Code Ann. § 56-53-103. All of the allegations against Price were alleged to arise out of his alleged misrepresentation of coverage terms and benefits as an adjuster for Shelter.

## LAW AND ARGUMENT

**1.     Fed. R. Civ. P. 12(b)(5), Insufficient Service of Process**

A Defendant may move to dismiss a lawsuit where there is insufficient service of process. See Fed. R. Civ. P. 12(b)(5). Where service is contested in an action that has been removed to federal court, the court must first determine whether service was perfected according to state law before the removal. See Hughes v. Elam, 2023 U.S. Dist. LEXIS 42319, at *12-13 (M.D. Tenn., Feb. 22, 2023), citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (4th ed. updated Apr. 2022) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made."). However, if service was not perfected before the removal, then the court applies federal law to determine the validity of service after removal. Id., citing 28 U.S.C. § 1448.

Tennessee Rule of Civil Procedure 4.04(1) provides that an individual defendant may be served:

> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the

>copies to an agent authorized by appointment or by law to
>receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Tennessee law also authorizes service of process by certified mail, which is considered valid if the plaintiff files "a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute or . . . a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant . . . ." Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by mail is only effective "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); see also Hall v. Haynes, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

**A.     Defendant Price Was Not Served**

Plaintiff served counsel for Defendant on April 13, 2023. See attached Return of Service as Exhibit 1. This service of process is insufficient as counsel is not authorized to accept service on behalf of Defendant Price. This is in direct contradiction to the methods prescribed in the Tennessee Rules of Civil Procedure.

Defendant Price was not and has not been personally served, nor was any attempt made to personally serve Defendant Price. The address listed in the Summons is that of counsel, not the address of Defendant. Further, the address for Defendant Price is his place of employment, not his "dwelling house or usual place of abode." Continuing through the methods of service of process prescribed under the Tennessee Rules of Civil Procedure, Plaintiff has not served Plaintiff via certified mail. Plaintiff made no attempt to do so.

"Because the trial court's jurisdiction of the parties is acquired by service of process, proper service is an essential step in the proceeding." <u>Stitts v. McGown</u>, 2006 Tenn. App. LEXIS 289, at *4-5, No. E2005-02496-COA-R3-CV, (Tenn. Ct. App., May 2, 2006), citing <u>Haley v. University of Tennessee-Knoxville</u>, 188 S.W.3d 518, 2006 Tenn. LEXIS 192, No. M2005-00998-SC-R23-CQ, (Tenn., Mar. 17, 2006). In <u>Stitts</u>, the court found that the summons was never served upon the Defendants, which is a "fatal flaw in plaintiff's case." <u>Id.</u> Such a fatal flaw exists here, and as such this lawsuit against Defendant Price should be dismissed.

As service was not perfected before the removal to federal court, Plaintiff continues to fail to perfect service of process. Rule 4 of the Federal Rules of Civil Procedure regarding Summons states that:

> (c) **Service.**
>
> > (1) *In General*. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4.01(c). Such Summons may be served via:

> (e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4.01(e). Again, service pursuant to Tennessee state law has not been achieved. Also, the methods of service of process in Tennessee substantially mirror the Federal Rules of Civil Procedure so much that Plaintiff has failed to service Defendant Price with process under these federal rules as well. Again, no attempt to serve Defendant Price personally was made, process was not left at his "dwelling or usual place of abode" with anyone, and Counsel for Defendant is not an authorized agent, by either appointment or law, to receive service.

**B.     Defendant Price Did Not Waive Service**

Plaintiff may argue that such service requirements may have been waived; however, no waiver occurred. Tenn. R. Civ. Proc. Rule 4.07 outlines how waiver of service may be accomplished, specifically:

> (2) An individual, corporation, or association that is subject to service and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
>
>> (a) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent

> authorized by appointment of law to receive service of process) of a defendant subject to service;
>
> (b) shall be dispatched through first-class mail or other reliable means;
>
> (c) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>
> (d) shall inform the defendant of the consequences of compliance and of a failure to comply with the request;
>
> (e) shall set forth the date on which the request is sent;
>
> (f) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent; and
>
> (g) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

Tenn. R. Civ. Proc. 4.07(2).

The Federal Rules of Civil Procedure also address waiver of service in much the same way.

> **(d) Waiving Service.**
>
> (1) *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent,

>> or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, two copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to the Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. Proc. 4.01(d)(1).

No such request for waiver was made before or after the commencement of this lawsuit. No such request was made in writing or otherwise. No such request was made to Defendant Price or his counsel. Counsel for Plaintiff was in communications with Counsel for Defendant, but he did not make any such request for waiver of service or provide any indication that the commencement of this lawsuit was pending before Counsel received the Summons and Complaint from a Davidson County Sheriff. Not one of the processes outlined in either the Tennessee Rules of Civil Procedure or in the Federal Rules of Civil Procedure for waiver of process have been satisfied.

For the foregoing reasons, Defendant Price should be dismissed from this lawsuit. Additionally, even if service of process was achieved, Defendant Price should be dismissed as Plaintiff fails to state a claim against him upon which relief can be granted.

**2.      Fed. R. Civ. P. 12(b)(6), Failure to State a Claim upon which relief can be granted**

A Defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief <u>requires more than</u> labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the

factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

**A.      Tenn. Code Ann. § 56-53-103 Does Not Apply to Price**

The Unlawful Insurance act is codified at Tenn. Code Ann. § 56-53-103.  The Act has two distinct sections with very different verbiage in each. The first section provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>>> **(A)** The application for, rating of, or renewal of, any insurance policy;
>>>
>>> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>>>
>>> **(C)** Payments made in accordance with the terms of any insurance policy; or

>> **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act does not apply to Price because this applies to insureds, not insurers, and certainly not adjusters. Price is not an insured. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium.

First, this portion of the Act clearly only applies to persons presenting information <u>by or on behalf of an insured or claimant</u>. Mr. Price did not present any information by an insured or on behalf of an insured. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See <u>Cantrell v. Yates Servs., LLC</u>, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an <u>insured person</u> to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (Emphasis added). See also, <u>Allstate Life Ins. Co. v. Tyler-Howard</u>, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); <u>Craighead v.</u>

Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This portion of the Act only applies to an insured, or someone submitting information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. Because Price is not the insured, and because he did not submit information on behalf of the insured, the Act does not apply to him.

The second pertinent part of the Act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

**(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly

>disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>>**(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>>
>>**(B)** An application for certificate of authority;
>>
>>**(C)** The financial condition of any insurer; or
>>
>>**(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is also inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it <u>only</u> applies to the <u>sale</u> of an insurance policy or the <u>solicitation</u> for sale of an insurance policy; an <u>application</u> for certificate of authority; the <u>financial condition</u> of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2) (emphasis added). The Plaintiff's complaint does not contain any such allegations against Price, and thus, this portion of the act does not apply.

Considering the Plaintiffs' claims against Price for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to Price. Because the Act does not apply, the claims under Tenn. Code Ann. § 56-53-103 against Price fail as a matter of law and must be dismissed.

Plaintiff's complaint makes it clear that it was Shelter that issued the insurance policy to the Plaintiff. Plaintiff's breach of contract action is based upon that policy contract. Because Price was not a party to that contract, he could not have breached the contract, and the breach of contract claims against him must be dismissed. Furthermore,

the claims in the complaint seeking to compel appraisal and for punitive damages should be dismissed as applied to Price.

**B.    Price Cannot Be Personally Liable**

As referenced in the Complaint, Defendant John Price is an insurance adjuster for Shelter, and all the claims raised against him in the Complaint stem from his actions during the course and scope of his employment as an insurance adjuster for Shelter. The allegations in Plaintiff's Complaint against Defendant Price specifically relate to statements made concerning the Plaintiff's claim.

This Court in Sainaam Inc. v. Am. Nat'l Prop. & Cas. Co., confirmed that "it is well-settled in Tennessee that an insurance agent is not personally liable on an insurance contract formed while the agent was acting within the scope of the agency relationship, and, as here, the contracting parties understood that the agent was acting on behalf of a principal insurance company." No. 08-1149, 2008 U.S. Dist. LEXIS 70071, at 10-12 (W.D. Tenn., 2008) (citing Holt v. American Progressive Life Ins. Co., 731 S.W.2d at 925 (Tenn. Ct. App. 1987)). Additionally, in Gilbert v. Nationwide Ins. Co., the Court held that an insurance adjuster was fraudulently joined where:

> There is sufficient evidence that plaintiffs do not have a cause of action against Stewart under Tennessee law.  Defendants have demonstrated that there is no concern that plaintiffs cannot obtain complete relief if Stewart is not made a party to this action.  There is no allegation in the complaint that Stewart acted in any way which would create individual liability against her under Tennessee law.  There is no evidence that the denial of plaintiffs' insurance claim is anything more than a corporate wrong for which Nationwide, and not its employee, could be liable.  There is no allegation and no proof that Stewart acted outside the scope of her employment as Nationwide's insurance adjuster.  There is no evidence that Stewart owed plaintiffs an independent contractual duty.  There was no "colorable basis for predicting" that plaintiffs could recover against Stewart under Tennessee law.

No. 08-2681-STA-DKV, 2009 U.S. Dist. LEXIS 4409, at 6-7 (W.D. Tenn., 2009).

Such mirrors the facts surrounding Defendant Price. The plaintiff does not have a cause of action against Mr. Price as he was working in the course and scope of his employment as an insurance adjuster for Shelter. Plaintiffs can obtain complete relief for any potential, appropriate claims without Mr. Price being a party. There is no allegation that Price owed plaintiff an independent contractual duty. There is no "colorable basis for predicting" that plaintiff could recover against Price under Tennessee law. Plaintiff has not alleged any facts that, even if true, show that she is entitled to relief from Defendant Price. Thus, Price should be dismissed as a matter of law.

**WHEREFORE**, Defendant Price hereby requests that this Court enter an Order dismissing him from the complaint with prejudice pursuant to Rule 12(b)(5) and/or (6) of the Fed. R. Civ. P.

Respectfully submitted,

    /s E. Jason Ferrell
**E. JASON FERRELL**
Registration No. 24425
**JAMIE ELIZABETH GLASS**
Registration No. 38731
DIRECT: (615) 630-7716
(615) 256-8787, Ext. 116
jferrell@bkblaw.com

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228
Attorneys for John Price

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2023, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
Attorney for Plaintiff

                                /s E. Jason Ferrell
                              **E. JASON FERRELL**