IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOSHUA VOWELL | ) | |
| Plaintiff | ) ) ) | |
| v. | ) | No.: 1:23-cv-01088-JDB-jay |
| | ) ) | |
| SHELTER MUTUAL INSURANCE COMPANY, AND JOHN PRICE | ) | |
| Defendants | | |

**MEMORNADUM IN SUPPORT OF RESPONSE TO PRICE'S MOTION TO DISMISS**

I. INTRODUCTION

This civil action arises out of an insurance coverage dispute. Pursuant to *Cline v. Dart Transport*, 23-0176 (6th Cir. April 19, 2023), the Court is not authorized to grant a motion to dismiss in favor of non-diverse party but must dismiss them without prejudice in the event the Court finds that they have been fraudulently joined. The rest of this memorandum *assumes arguendo* that Price was a diverse party. The complaint states a claim that is plausible on its face in light of prevailing precedent and thus the motion to dismiss the unlawful insurance act claims should be denied.

II. RELEVANT FACTS

The relevant facts are set forth in the Complaint and will not be repeated herein for the sake of brevity.

III. ANALYSIS

1. <u>Relevant Statutory Provisions</u>

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit

1

any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

    a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

       …..

       i. ……..

       ii. A claim for payment or benefit pursuant to any insurance policy;

       iii. Payments made in accordance with the terms of any insurance policy; or

    ………

2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-53-101 provides in relevant part that:

    4."Insurance professional" means ………..adjusters……………………

    5. "Insurance transaction" means a transaction by, between or among:

a. An insurer or a person who acts on behalf of an insurer; and

　　b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……

8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity;

　　2.　Tennessee Statutory Construction Principles

Clear and unambiguous statutes will be enforced according to their clear terms. *Lind v. Beaman Lodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011). Every word of the statute will be given effect. *Id.* New statutory provisions that do not repeal or over-rule pre-existing law by express terms or implication are cumulative. *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The Courts presume the Legislature knew the law when it enacted statutory provisions. *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 23 (Tenn. 2014). Statutes involving the same subject matter are construed *in pari materia*. *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010). Specific statues control over general statutes. *Id*. At 582. Judicial construction of statutes become part of the statute. *Blank v. Olsen*, 662 S.W. 2d 324, 326 (Tenn. 1983) and *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).

Remedial statutes provide a means or method where wrongs can be address and relief obtained. *In the Matter of MAH*, 142 S.W.3d 267, 273 (Tenn. 2004). Remedial legislation is

3

construed liberally. *Ferguson v. Middle Tennessee State University*, 451 S.W.3d 375, 381 (Tenn. 2014).

In *Craighead v. Bluecross Blueshield of Tennessee*[1], 2008 WL 3069320 (M2007-01697-COA-R3-CV), Slip Op.at 3 (Tenn. Ct. App. July 1, 2008), the Tennessee Court of Appeals held that the unlawful insurance act applies to anyone who commits and unlawful insurance act. It reach was not limited to insured's only. *Id*. In *Green, et al v. Mutual of Omaha*, 2:10-cv-2487, Slip Op at 25 (W.D. Tenn. January 13, 2011), this Court found that the Unlawful insurance act applied to insurers.

    3.   <u>Sixth Circuit Standard for Motions to Dismiss</u>

In *Mellentine v. Ameriquest Mortg. Co*., 515 Fed. Appx. 419, 424-25 (6th Cir. 2013), and *Majestic Building Maint. Inc., v. Huntington Bancshares Inc*., 864 F.3d 455, 458 (6th Cir. 2017) the Sixth Circuit held a district court must accept all well-pled factual allegations as true and construe the entire complaint in the light most favorable to the Plaintiff. The complaint must contain enough facts to state a claim that is plausible on its face. *Stein v. Regions Morgan Keegan Select High Income Fund, Inc*., 821 F.3d 780 (6th Cir. 2016). Legal conclusions couched as factual allegations need not be accepted as true. *Hall v. US Bank, N.A.,* 626 Fed. Appx 114, 116 (6th Cir. 2015). Inferential allegations are sufficient. *White v. Coventry Health Life & Life Ins. Co*., 680 Fed. Appx. 410, 413 (6th Cir. 2017). The Court must decline to consider any matters not contained or incorporated into the complaint that are not public record. *Bah v. Attorney General of Tennessee*, 2014 WL 2589424, Slip Op. 5-6 (W.D. Tenn. June 10, 2014). There is no doubt that exhibits to the complaint are part of the complaint. Rule 10(c) of the Federal Rules of Civil Procedure.

---

[1] The Court is not free to ignore this opinion. *West v. American Telephone & Telegraph*, 311 US 223, 237 (1940).

4

4. <u>Application to case at bar.</u>

This Court is bound by *West* and should be persuaded by its own precedent that Plaintiff can establish plausible unlawful insurance act claims against Price. DE 1-2, page ID 12-13, and DE 1-1 Plaintiffs can plausibly plead that defendants made false statements of fact to the insured's and their public adjuster William Griffin or insured's agent and are thus liable under § 56-53-103. Moreover, *Craighead* has become part of the statute consistent with *Blank* and *Hill*. Finally,

5. <u>An agent such price remains liable in tort</u>

In *Absure v. Methodist Healthcare*, 325 S.W.3d 98, 106 (Tenn. 2010) the Tennessee Supreme Court reaffirmed the principal that the agent and the principal are liable for tort. The Unlawful Insurance represents a tort. Thus, Price remains liable for his violation of the Unlawful insurance act.

6. <u>Price forfeited his defective service of process claim</u>

In *King v. Taylor*, 694 F.3d 650, 658-661 (6th Cir. 2012), the Sixth Circuit held that a party forfeits the defenses of defective service of process and lack of personal jurisdiction by litigation conduct indicating an intent to defend on the merits . In *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019), the Sixth Circuit held that defective service since it is easier to waiver service deficiencies than personal jurisdiction issues. In *King v. Lacefield*, 2:21-cv-02613-JTF-atc, pp. 7-8, (W.D. Tenn. August 29, 2022), the Court followed this authority and found that actively participating in the litigation process and filing a motion to compel indicated an intent to contest a case on the merits and forfeited an defective service of process claims.

Applying the foregoing authority, Price has requested an adjudication in its favor on the merits via a motion to dismiss for failure to state a claim "with prejudice". Thus*, King, Boulger*, and *King v. Lacefield* indicate that Price has forfeited its service of process claim.

.    IV.  CONCLUSION

The Court should deny the Price 's Motions to Dismiss.

Respectfully submitted,

 **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN  38177

**CERTIFICATE  OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

E. JASON FERRELL
JAMIE ELIZABETH  GLASS
BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
Attorneys for Shelter Mutual Insurance Company

.
This, the 23rd day of June 2023

 **/s/Drayton D. Berkley**
**Drayton D. Berkley**