IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSHUA VOWELL,

    Plaintiff,

v.                                                            No. 1:23-cv-01088-JDB-jay

SHELTER MUTUAL INSURANCE
COMPANY and JOHN PRICE,

    Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS,
VACATING ORDER OF REFERENCE,
DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT,
AND
DISMISSING CASE
_____

*INTRODUCTION*

        This matter was initially brought on March 31, 2023, in the Circuit Court of Madison County, Tennessee, by the Plaintiff, Joshua Vowell, against the Defendants, Shelter Mutual Insurance Co. ("Shelter") and John Price, identified in the complaint as Shelter's adjuster, requesting an order compelling an appraisal and appointment of an umpire and alleging breach of contract, punitive damages, and violation of Tennessee Code Annotated § 56-53-103. (Docket Entry ("D.E.") 1-2.) The matter was removed to this Court on May 15, 2023, on diversity grounds. (D.E. 1.) Pending on the Court's docket are the separate motions of the Defendants to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 7, 9) and Plaintiff's motion to remand the case to state court (D.E. 11). As the briefing has closed, the motions are ripe for disposition.

1

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

<u>Defendants' Motions to Dismiss.</u>

The movants argue that Plaintiff's claims against them must be dismissed for insufficiency of service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6). The former challenges "the manner or method of service" of the summons and/or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). As the requirements for service implicate due process, the court is to hold a plaintiff "to a high standard and require more than just actual knowledge of the action by a defendant for proper service"; he must prove that service was proper. *Savoie v. City of E. Lansing, Mich.*, Case No. 21-2684, 2022 WL 3643339, at *2 (6th Cir. Aug. 24, 2022) (citing *Breezley v. Hamilton Cty.*, 674 F. App'x 502, 505 (6th Cir. 2017)). Proper service of process is not "some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (internal quotation marks omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). "And in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." *Id.* Accordingly, this Court must first decide if Defendants have been properly served. *See W. Bend Mut. Ins. Co. v. Osmic, Inc.*, Case No. 1:21-CV-00593-PAB, 2023 WL 6258796, at *5 (N.D. Ohio Sept. 26, 2023) (where defendant seeks relief under Rules 12(b)(5) and 12(b)(6), the court must rule on the motion to dismiss for insufficiency of service of process first).

The requirements for effecting service of process are set forth in Fed. R. Civ. P. 4. The rule provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

2

where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see* Tenn. R. Civ. P. 4.04(1).  Service may also be effected by delivering a copy of the summons and complaint to the individual personally, "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2); *see also* Tenn. R. Civ. P. 4.04(1).

A corporation may be served by following state law in the manner described in Rule 4(e)(1) for an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1).  Under Tennessee law, a corporation is to be served by "delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).  Tennessee has designated a service of process agent for foreign insurance companies[1] such as Shelter.  *Smoke N Glass, LLC v. Starr Indem. & Liab. Co.*, No. 3:18-cv-420, 2018 WL 10509377, at *2 (M.D. Tenn. Oct. 12, 2018).  State statute requires a foreign insurance company to appoint the Commissioner of the Tennessee Department of Commerce and Insurance as its lawful attorney.  Tenn. Code Ann. § 56-2-503(a); *see also Smoke N Glass, LLC*, 2018 WL 10509377, at *2.  "Service of process shall be made by leaving two [] copies of the process or

---

[1]A foreign insurance company is defined under Tennessee law as "an insurance company organized under the laws of any state of the United States, other than this state[.]"  Tenn. Code Ann. § 56-2-502(3).  According to the complaint, Shelter's principal office is located in Columbia, Missouri.

notice . . . in the office of the commissioner, together with an affidavit giving the last known address of the defendant . . ."  Tenn. Code Ann. § 56-2-504(b).

Defendants' counsel was served with the summons and a copy of the complaint in this matter by a Davidson County, Tennessee, sheriff's deputy on April 13, 2023.  The movants submit that their counsel is not authorized by appointment or by law to accept service on their behalf under the Federal or Tennessee Rules of Civil Procedure, an assertion Vowell does not challenge.  Plaintiff also does not claim that the summons and complaint were served on the commissioner.  Indeed, he makes no attempt whatsoever to show that service upon either Defendant was sufficient.

Vowell seeks to excuse his failure, however, by insisting Defendants forfeited any Rule 12(b)(5) defense "by litigation conduct indicating an intent to defend on the merits," namely, filing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (D.E. 12-1 at PageID 156; D.E. 13-1 at PageID 164.)  A Rule 12(b)(5) defense is waived[2] if it is not raised in a pre-answer motion or answer, whichever is filed first.  *Blessing v. Chandrasekhar*, 988 F.3d 889, 898 (6th Cir. 2021).  Defendants may also forfeit their right to seek a ruling on the defense through their litigation conduct.  *Taylor*, 694 F.3d at 658.  The determination of whether waiver has occurred through conduct is more "art" than "science," with no bright line rule to follow.  *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019).  Instead, the district court is to undertake a fact-specific inquiry into the conduct, "considering all of the relevant circumstances," to decide whether the defendant "acted in a way that amounted to a legal submission to the jurisdiction of the court."  *Blessing*, 988 F.3d at 900 (cleaned up).  The factors the court considers include "whether the defendant gave the plaintiff a reasonable expectation that the defendant will defend the suit on the

---

[2]In this circuit, "waiver" and "forfeiture" in this context have been used interchangeably.  *Blessing v. Chandrasekhar*, 988 F.3d 889, 895 n.3 (6th Cir. 2021).

merits, and whether the defendant caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id.* (brackets and internal quotation marks omitted).

In support of his forfeiture argument, which spans all of half a page, Vowell points to *Taylor* and *Boulger*.[3] While these cases address the general question of waiver by litigation conduct as outlined above, they are factually distinguishable from the case at bar. In *Taylor*, the Sixth Circuit found clear forfeiture where the defendant, despite raising the defense in his answer, remained mute on the Rule 12(b)(5) issue until the summary judgment stage nearly a year later, during which time he had taken "substantial steps to defend the case on the merits," including attending meetings with opposing counsel, filing joint motions and reports, attending a status conference, participating in full discovery on the merits, retaining an expert, and giving his deposition. *Taylor*, 694 F.3d at 655, 658-61. The appellate court concluded that "[s]uch voluntary, active, and extensive participation in the litigation indisputably gave plaintiffs a 'reasonable expectation that Taylor would defend the suit on the merits. In addition, [his] decision to wait until the summary judgment stage to seek a ruling on his service defense caused the district court to go to at least 'some effort that would be wasted if proper service of process is later found lacking.'" *Id.* at 660 (internal citation omitted) (cleaned up). Conversely, in this case, Defendants have engaged in no litigation conduct other than filing the instant motions. Plaintiff has cited to no caselaw finding that the mere filing of a Rule 12(b)(6) motion constitutes forfeiture.

Plaintiff's reliance on *Boulger* consists solely of the following garbled sentence: "In *Boulger* [], the Sixth Circuit held that defective service since it is easier to waiver service

---

[3]Vowell also refers the Court to *King v. Lacefield*. He provides no citation to the Federal Supplement, Federal Rules Decisions, or the Westlaw or Lexis services for this case. Under such circumstances, the local rules require that "a copy of the entire text of the decision shall accompany the memorandum." LR 7.2(h). As Plaintiff failed to provide a copy of the decision, it is not properly before the Court and will not be considered.

5

deficiencies than personal jurisdiction issues." (D.E. 12-1 at PageID 156 (citation omitted); D.E. 13-1 at PageID 164 (citation omitted).)  The Court assumes he is referring to the Sixth Circuit's observation in *Boulger* that "it is relatively easier to find forfeiture of a service defense as opposed to a personal jurisdiction defense." *Boulger*, 917 F.3d at 477 (cleaned up).  To the extent Plaintiff is attempting to assert that forfeiture must be found in all instances involving a service defense, the context of the statement clearly indicates otherwise.  Indeed, such an interpretation would be absurd.  In any event, the facts in *Boulger* are, as noted above, distinguishable from those before this Court.  The defendant in the cited case raised an insufficient service of process defense in his answer, followed immediately by a motion for judgment on the pleadings which made no mention of the defense.  *Id.*  On appeal of the district court's determination that the defense had been waived, the Sixth Circuit found no abuse of discretion, using as an example the following:  "One can imagine a litigant asking the court to proceed on the merits, and then, only if the court's decision is unfavorable, seeking to re-assert jurisdictional defenses." *Id.* at 478.  The appellate court noted that, under different facts where there was not the "the appearance of gamesmanship" on the part of the defendant, a district court might reasonably reach the opposite decision.  *Id.*  Here, while Defendants' Rule 12(b)(6) motions do go to the merits of the case, there is no claim by Vowell that they engaged in any type of gamesmanship.  Nor have they asserted the defense and then appeared to abandon it.  The Court is unpersuaded that *Boulger* would require a finding of forfeiture under the facts in this case.

At bottom, the determination that Defendants waived their Rule 12(b)(5) defense through litigation conduct lies within the discretion of the district court. *Blessing*, 988 F.3d at 900.  On this record, the Court is not convinced the exercise of that discretion in Plaintiff's favor is appropriate.

6

If a defendant is not served within ninety days after the complaint is filed--or, in a removed case, the filing date of the notice of removal--the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Hughes v. Deutsche Bank Nat'l Trust Co.*, Case No. 5:19-CV-00011, 2019 WL 4934507, at *5 (N.D. Ohio Oct. 7, 2019).  Here, the period for service has expired.  However, a court must extend the time for service "if the plaintiff shows good cause for the failure[.]"  Fed. R. Civ. P. 4(m).  The determination of whether to dismiss the case or direct that service be made within a certain time where the plaintiff has failed to show good cause lies within the discretion of the district court. *Shropshire v. Maucere*, No. 1:19-CV-123, 2020 WL 6206009, at *4 (E.D. Tenn. Oct. 22, 2020).  Vowell has offered no justification for his failure to properly serve the Defendants.  Nor is there any indication that he has made any additional attempt to effect proper service. Further, he has neither attempted to establish good cause nor requested an extension of time in which to effect service.  Thus, there is no basis for a finding by this Court of good cause or for an extension of the time to effect service.  Dismissal without prejudice for insufficient service of process is therefore warranted.  *See Hughes*, 2019 WL 4934507, at *5 (dismissing case where plaintiffs failed to demonstrate good cause or provide any reason for an extension of the service deadline).  Absent proper service, the Court cannot reach the merits of Defendants' Rule 12(b)(6) motions.  *See Scott v. Wise Co., Inc.*, Case No. 1:19-cv-01291-STA-jay, 2020 WL 5761089, at *3 n.2 (W.D. Tenn. Sept. 28, 2020) (without proper service of process, magistrate judge was correct in not considering the merits of defendants' Rule 12(b)(6) motion).  The motions to dismiss are GRANTED for insufficient service of process.

<u>Plaintiff's Motion to Remand.</u>

In light of the foregoing, Plaintiff's motion to remand is DENIED as moot. The order of this Court referring the motion to the United States magistrate judge is VACATED.

## *CONCLUSION*

For the reasons set forth herein, this matter is DISMISSED without prejudice. The Clerk is DIRECTED to enter judgment consistent with this order.

IT IS SO ORDERED this 12th day of October 2023.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE